## IN RE GREAT SOUTHERN LIFE INSURANCE COMPANY SALES PRACTICES LITIGATION.

*Irene Jones v. Great Southern Life Insurance Co., et al.,* N.D. Texas, C.A. No. 3:01–1040 (M.D. Alabama, C.A. No. 2:01–345)

*Manuel A. Espinoza, et al. v. Great Southern Life Insurance Co.,* N.D. Texas, C.A. No. 3:00–2420 (N.D. California, C.A. No. 3:00–763)

### No. MDL–1214.

Judicial Panel on Multidistrict Litigation.

Aug. 14, 2002.

BEFORE: WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### ORDER VACATING CONDITIONAL REMAND ORDER

WM. TERRELL HODGES, Chairman.

Presently before the Panel is a motion, pursuant to Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001), by defendant Great Southern Life Insurance Company (Great Southern) to vacate the Panel's order conditionally remanding these actions (*Jones* and *Espinoza*) from the Northern District of Texas to the Middle District of Alabama and Northern District of California, their respective transferor courts. Plaintiffs in the *Espinoza* action oppose the motion to vacate and favor remand of their action. The Panel's conditional remand order was entered on the basis of January 2002 orders of the transferee court suggesting Section 1407 remand of *Jones* and *Espinoza.*[1]

On the basis of the papers filed and hearing session held, the Panel finds that remand of these actions is not currently appropriate. The *Espinoza* and *Jones* plaintiffs are among many Great Southern policy holders who opted out of the MDL–1214 class settlement, and because all proceedings were stayed pending class wide settlement negotiations at the time these

---

* Judge Sear did not participate in the decision of this matter.

1. These orders were entered by Judge Joe Kendall after a class action settlement was approved in MDL–1214 and shortly before he left the federal bench. This litigation has been reassigned in the Northern District of Texas to Judge Sidney A. Fitzwater.

two actions were transferred under Section 1407, very few pretrial proceedings have been conducted in either action in the transferee court. Additionally, and most significantly, after the transferee judge suggested remand, Great Southern filed a number of declaratory judgment actions in several federal courts involving other opt out policy holders and, by separate order entered today, those actions are being transferred under Section 1407 to the Northern District of Texas for inclusion in MDL–1214. Thus, while great deference is normally given to suggestions of remand made by transferee judges, the changed circumstances in this docket lead the Panel to conclude that *Espinoza* and *Jones* should remain in the transferee court.

IT IS THEREFORE ORDERED that the Panel's conditional remand order in these actions is vacated.